# COURT OF APPEALS
# DECISION
# DATED AND FILED

# December 21, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2023AP160**
**2023AP161**
**2023AP162**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2022TR124
2022TR520
2022TR120

**IN COURT OF APPEALS**
**DISTRICT IV**

---

**NOS. 2023AP160**
**2023AP161**

**CLARK COUNTY,**

   **PLAINTIFF-RESPONDENT,**

 **V.**

**JAMES T. KETTNER,**

   **DEFENDANT-APPELLANT.**

---

**NO. 2023AP162**

**IN THE MATTER OF THE REFUSAL OF JAMES T. KETTNER:**

**CLARK COUNTY,**

   **PLAINTIFF-RESPONDENT,**

 **V.**

**JAMES T. KETTNER,**

   **DEFENDANT-APPELLANT.**

_____

APPEALS from judgments of the circuit court for Clark County: LYNDSEY BRUNETTE, Judge. *Affirmed*.

¶1    NASHOLD, J.[1] James T. Kettner, pro se, appeals three traffic forfeiture judgments. Specifically, Kettner appeals judgments convicting him of operating a motor vehicle with a prohibited alcohol concentration and operating a motor vehicle without a valid license, and also appeals a revocation judgment for unlawfully refusing to submit to chemical testing. Kettner argues that these judgments should be reversed because there was an "open records violation" that prevented him from presenting video evidence that "would have proved [his] innocence." I reject Kettner's argument and affirm.

## BACKGROUND

¶2    The following facts are from the testimony at the bench trial held on December 16, 2022. At approximately 1:25 a.m. on January 23, 2022, two Clark County officers responded to a report of a disabled vehicle in the ditch. Upon arrival at the scene, the officers discovered the disabled vehicle and also noticed a

_____

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version. On this court's own motion, these appeals were consolidated for briefing and disposition by an order dated August 25, 2023. *See* WIS. STAT. RULE 809.10(3).

Silverado, later identified as belonging to Kettner, parked nearby with its lights on and its motor running.

¶3 The officers approached the Silverado and encountered Kettner standing outside the driver's side door. A woman, later identified as Kettner's girlfriend and the owner of the disabled car, was seated in the passenger seat of the Silverado. Kettner told law enforcement that he had come to the scene to lock up his girlfriend's car. Kettner subsequently told one of the officers that he had not been driving the Silverado.

¶4 An officer observed that Kettner was unsteady on his feet, that his speech was slurred, and that he smelled of intoxicants. Following his refusal to perform field sobriety testing, Kettner was placed under arrest on suspicion of operating a motor vehicle while impaired (OWI). The officer read Kettner the statutory "Informing the Accused" form and requested that Kettner take a breath test. *See* WIS. STAT. § 343.305(4). Kettner refused to submit to the requested test. Law enforcement obtained a warrant for a blood test, and the blood drawn pursuant to that warrant showed a blood alcohol concentration of 0.109, which is above the legal limit of .08. *See* WIS. STAT. § 340.01(46m)(a); WIS. STAT. § 346.63(1)(b). Law enforcement also learned that Kettner's driver's license was expired.

¶5 Kettner was issued a civil notice of intent to revoke his operating privilege under WIS. STAT. § 343.305(9)(a) based on his refusal to take a chemical test. Kettner was also cited for first-offense OWI under WIS. STAT. § 346.63(1)(a), first-offense operating a motor vehicle with a prohibited alcohol concentration (PAC) under § 346.63(1)(b), and operating a motor vehicle without a valid license under WIS. STAT. § 343.05(3)(a). Kettner, proceeding pro se, requested a refusal hearing and a trial on all three citations.

3

¶6 On December 5, 2022, the circuit court held a pretrial hearing. During the hearing, Kettner represented that he had requested "evidence" but that he was "missing a bunch of that evidence." Kettner did not specify what evidence had not been provided, and he did not ask the court for any relief based on the missing evidence. The court noted that, because this was a traffic forfeiture proceeding, Kettner was not entitled to pretrial discovery. *See* WIS. STAT. § 345.421(2) (in traffic forfeiture cases, "[n]either party is entitled to pretrial discovery" except under limited circumstances pursuant to motion); *see also* WIS. STAT. § 343.305(9)(a) ("[n]either party is entitled to pretrial discovery in any refusal hearing" except under limited circumstances pursuant to motion). The court told Kettner that he would have to obtain the evidence he sought "in whatever fashion you can."

¶7 A bench trial on all matters was held on December 16, 2022. During the hearing, Kettner admitted to drinking alcohol on the date of the incident, but testified that he had not driven his Silverado. Specifically, Kettner testified that he had only been a passenger, and that the driver was a man whom Kettner had met for the first time that night while ice fishing and whom Kettner knew only as "Tim." According to Kettner, "Tim" fled when the officers arrived, and Kettner's later attempts to locate and identify the man were unsuccessful. The two Clark County officers testified that they did not encounter anyone at the scene other than Kettner and his girlfriend, and did not observe any indication (such as footprints in the newly fallen snow) that a third individual had been present and had fled the scene. The circuit court found that the officers had arrived at the scene within a minute or two of Kettner's arrival.

¶8 Kettner testified that he had requested evidence pertaining to the incident from the State and that he had received everything he requested except for

4

alleged dash camera video and video from an officer's body camera that, according to Kettner, shows him telling the officer he was not driving the Silverado. Kettner testified that the missing video would have shown him "repetitively telling" the officer that "I wasn't operating the truck." The State represented that it had given Kettner "everything we had" and that, as noted in the officer's report, the requested body camera video footage did not exist because "when they went to download the footage[,] the first section of the incident was not on camera" due to "an issue with the body cam."

¶9    The circuit court did not find credible Kettner's testimony that "Tim" had driven Kettner's Silverado and then fled, and instead found that Kettner had been driving. Among other reasons, the court noted that the officers who arrived at the scene within minutes of the Silverado's arrival saw no indication that anyone had fled, and there was no evidence that Kettner told the officers that "Tim" had been driving the Silverado. The court found Kettner guilty of OWI, operating with a PAC, and operating without a valid license. The court also determined that Kettner's refusal to take a chemical test was unreasonable. The court entered judgments convicting Kettner of operating with a PAC and operating after revocation,[2] and also entered a revocation judgment for unlawfully refusing to submit to chemical testing. Kettner appeals.

**DISCUSSION**

¶10    Kettner argues that "there was an open records violation where video evidence was withheld and [trial] commenced without it." According to Kettner's

---

[2] The circuit court dismissed the OWI because it entered judgment on the PAC violation. *See* WIS. STAT. § 346.63(1)(c).

half-page brief, he did not receive "any video footage from any of the cameras," the "trial should not have taken place" until he received the evidence, and this court should "declare a mistrial" based on the alleged open records violation.[3]

¶11 Kettner's argument fails for at least two independent reasons. First, Kettner's argument fails because Kettner never moved for a mistrial. A party forfeits the opportunity "to seek a new trial by not moving for a mistrial" before a verdict. *Gaethke v. Pozder*, 2017 WI App 38, ¶37, 376 Wis. 2d 448, 899 N.W.2d 381. "[W]hen a party timely objects and moves for a mistrial, the [circuit] court has the opportunity to consider the nature of the alleged error and arguments related to it and take appropriate corrective action, if any is needed," but a party that fails to move for a mistrial does "not afford the circuit court this opportunity." *Id.*

¶12 Kettner did not raise the issue of the missing video evidence until he testified about the missing video at trial.[4] He did not move for a mistrial, or expressly seek any other relief, at that time. Accordingly, the circuit court had no opportunity to evaluate any arguments for or against a mistrial. The court of appeals generally will not reverse circuit courts "based on theories which did not originate

---

[3] As the State notes, Kettner's brief fails to comply with multiple rules of appellate procedure. For example, Kettner's brief does not contain a "statement of the case" that sets forth the "procedural status of the case leading up to the appeal; the disposition in the [circuit] court; and a statement of facts relevant to the issues presented for review, with appropriate references to the record," WIS. STAT. RULE 809.19(1)(d), and Kettner filed no appendix "containing, at a minimum, the findings or opinion of the circuit court, limited portions of the record essential to an understanding of the issues raised," RULE 809.19(2)(a). The State argues that this court should summarily affirm the circuit court judgments due to the deficiencies in Kettner's brief. Kettner failed to file a reply brief; thus, I could deem the State's argument conceded. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (lack of a reply to respondent's arguments may be taken as a concession). Nevertheless, I address and reject Kettner's argument.

[4] At the pretrial conference, Kettner made a vague reference to "missing a bunch of … evidence," but he did not explain what evidence he was missing and he did not seek any relief.

in their forum." ***State v. Rogers***, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995). I conclude that Kettner has forfeited his argument that he is entitled to a mistrial by failing to request a mistrial before the circuit court, and I discern no reason to overlook this forfeiture.

¶13   Second, even addressing Kettner's forfeited argument, Kettner has failed to explain why the purported open records violation would entitle him to a mistrial. In determining whether a mistrial is appropriate, a court "must consider the entire proceeding and determine whether the claimed error is sufficiently prejudicial to warrant a new trial." ***State v. Adams***, 223 Wis. 2d 60, 83, 588 N.W.2d 336 (Ct. App. 1998). Kettner has failed to show that there was any error in the circuit court proceeding, or that any error was prejudicial.

¶14   Under Wisconsin open records law, "[e]ach authority, upon request for any record, shall, as soon as practicable and without delay, either fill the request or notify the requester of the authority's determination to deny the request in whole or in part and the reasons therefor." WIS. STAT. § 19.35(4)(a). If an authority does not timely provide a public record after a written request, a party may file a writ of mandamus seeking a court order compelling disclosure. *See* WIS. STAT. § 19.37(1). Thus, Kettner's statutory remedy for the alleged open records violation would have been to commence a separate proceeding by writ of mandamus. Kettner does not cite any authority, or develop any argument, for the proposition that the State's failure to comply with open records law in connection with a traffic forfeiture proceeding entitles the defendant to any relief in that traffic forfeiture proceeding. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider arguments "unsupported by references to legal authority" or arguments supported only by "general statements" rather than "legal reasoning"). In any event,

Kettner had nearly a year to exercise his legal rights under open records law—the incident occurred in January 2022, and trial was held eleven months later, in December 2022. Kettner offers no explanation for his failure to pursue the statutory open records procedures available to him during that time, or for his failure to seek a continuance of the trial to obtain the videos if he believed they were crucial to his defense.

¶15    In addition to failing to show that there was any error in the circuit court proceeding, Kettner has also failed to show that he was prejudiced by any purported error. *See Adams*, 223 Wis. 2d at 83 (a mistrial is appropriate only when "the claimed error is sufficiently prejudicial to warrant a new trial"). Kettner asserts that the alleged missing video evidence "would have proved [his] innocence," but he does not explain how so, and he fails to support this assertion with any citation to the record. *See Lechner v. Scharrer*, 145 Wis. 2d 667, 676, 429 N.W.2d 491 (Ct. App. 1988) (this court need not consider arguments unsupported by references to the record). In fact, Kettner's own trial testimony contradicts this assertion. According to Kettner's testimony, the alleged missing video evidence would have shown him "repetitively telling" the officer that "I wasn't operating the truck." This would not have proven Kettner's innocence—it would have shown only that Kettner denied driving the Silverado, which would have merely corroborated both Kettner's and the officer's trial testimony to that effect. In its oral ruling, the circuit court noted that, even if Kettner had denied driving, "[o]fficers are not required to take for truth everything a person says on scene," and that they instead "have an obligation to continue their investigation." Accordingly, Kettner has not shown that the missing video's absence prejudiced him, and has not shown that he is entitled to a mistrial.

8

## CONCLUSION

¶16    For all of these reasons, I affirm the judgments of the circuit court.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.